# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN W. EDWARDS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0873** (BOR Appeal No. 2049258)
(Claim No. 2011025028)

**SELCO CONSTRUCTION SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John W. Edwards, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Selco Construction Services, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2014, in which the Board affirmed a March 6, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 31, 2013, and August 30, 2013, decisions denying a request for left shoulder surgery and denying the addition of left shoulder biceps tear and left rotator cuff tear to the claim. In its Order, the Office of Judges also modified the claims administrator's April 8, 2013, decision denying a reopening of the claim for payment of medical treatment for the upper left extremity. The Office of Judges stated that the pending claim does not require a reopening for medical benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Edwards, a laborer, injured his right shoulder in the course of his employment on January 17, 2011, when he tripped on wires and fell out of a truck. The claim was held compensable for right rotator cuff sprain/strain and right rotator cuff tear. Treatment notes from

1

Farrington Medical Center state that Mr. Edwards underwent surgery to treat his right rotator cuff tear. The surgery was unsuccessful, and he had to resort to using his left arm for most activities. On December 13, 2011, Mr. Edwards reported that he was pulling a garbage bin the previous weekend. The bin got stuck in a rut and pulling on it caused a tearing sensation in his left shoulder. He was diagnosed with a left rotator cuff tear. A February 11, 2013, treatment note states that Mr. Edwards suffered left biceps and left rotator cuff tears due to decreased function in his right arm. A left shoulder MRI confirmed the diagnoses. In a diagnosis update request, Daniel Crow, P.A., asserted that Mr. Edwards's left shoulder and biceps injuries were the result of over-use because he was unable to use his right arm as a result of the compensable injury. He requested that left rotator cuff tear and left biceps tear be added to the claim.

Rebecca Thaxton, M.D., performed a physician review on April 1, 2013, in which she noted that a June 7, 2011, physical therapy treatment note stated that Mr. Edwards fell off of a porch and injured his left shoulder. Dr. Thaxton recommended that treatment for the left shoulder be denied because the left shoulder is not a compensable component of the claim. In a July 26, 2013, physician review, Dr. Thaxton recommended denying the addition of left rotator cuff tear and left biceps tear to the claim because the compensable injury involved the right shoulder and not the left. She stated that Nathan Doctry, M.D., opined in a treatment note that he could not rule out that the injury was a new injury or self-sabotage. She also noted that Randall Short, D.O., found that there were two independent intervening injuries. In an independent medical evaluation on April 10, 2013, Robert Elkins, M.D., also found that Mr. Edwards's left shoulder injury was not work-related.

The claims administrator denied a request to reopen the claim for payment of medical treatment for the upper left extremity on April 8, 2013. On May 31, 2013, it denied a request for left shoulder surgery. Finally, on August 30, 2013, the claims administrator denied the addition of left shoulder biceps tear and left rotator cuff tear to the claim. The Office of Judges modified the April 8, 2013, claims administrator decision stating that the pending claim does not require a reopening for medical benefits and Mr. Edwards is not required to demonstrate an aggravation or progression of the compensable injury to necessarily receive additional treatment. The Office of Judges affirmed the May 31, 2013, and August 30, 2013, decisions.

The Office of Judges found that Mr. Edwards consistently reported that he injured his left shoulder at home while pulling on a garbage bin. He argued before the Office of Judges that *Workman v. Workmen's Compensation Commissioner* is the controlling law in this case. 160 W.Va. 656, 236 S.E.2d 236 (1977). He asserted that *Workman* stands for the proposition that all consequences of a work-related injury are covered by Workers' Compensation Funds. The Office of Judges determined that his interpretation of the holding of the case was incomplete. It found that this Court stated in *Workman* that "[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." The Office of Judges concluded that Mr. Edwards's left shoulder injury was clearly the result of an independent intervening cause, his own intentional conduct, as opposed to a medical condition which could result subsequent to the compensable injury.

The Office of Judges modified the April 8, 2013, claims administrator's decision. The decision denied a reopening of the claim for payment of medical treatment for the left upper extremity. The Office of Judges noted that given the date of the compensable injury, he did not have to attempt to reopen the claim for medical treatment. He has clearly received medical treatment within five years of the date of the compensable January 17, 2011, injury, and it is therefore not necessary for him to show an aggravation or progression in order to receive treatment that is reasonable and medically related to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 5, 2014.

On appeal, Mr. Edwards argues that as a result of his compensable right shoulder injury and a delay in surgery to treat it, he had to overuse his left arm. That overuse caused a left biceps tear and a rotator cuff tear. Selco Construction Services, Inc., asserts that Mr. Edwards's left shoulder problems were the result of an intervening, non-compensable injury that occurred at his home. Treatment notes and his own deposition state that he injured his left shoulder at home while pulling on a heavy garbage can.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Edwards injured his right shoulder as a result of the compensable injury. His left shoulder was not injured when he fell on January 17, 2011. He injured his left shoulder at home while moving a garbage can. This was an intervening, non-work-related injury and it is not a compensable component of the claim. Since the condition is not compensable, treatment for it was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II